IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANTOINETTE CORUM, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 04-2817 Ma/A |
| | ) |
| RODERICK PAIGE, United States Secretary of Education, | ) |
| | ) |
|     Defendant. | ) |

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This action arises from the alleged overpayment of student loans. Before the court is Defendant's motion to dismiss, filed November 12, 2004. Plaintiff Antoinette Corum responded on December 28, 2004. For the following reasons, the motion is GRANTED.

**I. Background**

The following facts are undisputed, unless otherwise noted. In the fall of 1987, Plaintiff received student loans through the United Stated Department of Education ("Education"). Plaintiff was to begin repaying the loans in July, 1988. Plaintiff claims that, in 1990, she paid the outstanding balance on the loans in full and, in fact, paid Education more than she owed. She alleges that three checks were written in payment of her loans in an amount greater

This document entered on the docket sheet In compliance with Rule 58 and/or 79(a) FRCP on 5-20-05

than the outstanding balance.[1]  Afterward, she continued to receive bills and was repeatedly contacted by collection agents.  Plaintiff alleges that every time she sent Education proof that she had paid off her loans, it sent her name to a collection agency.

Education asserts that Plaintiff has yet to pay the full amount of her loans.  In 1995, $220 was withheld from Plaintiff's federal tax refund through the Treasury Offset Program, in which federal agencies attempt to collect delinquent debts by withholding federal benefits.  Plaintiff claims that she has already paid more than she legally owes on the loans.  She seeks the amount of the alleged overpayment, $1,861.45, plus interest and punitive damages.

## II. Jurisdiction

Plaintiff brings this action under the Higher Education Act, 20 U.S.C. § 1070 et seq., which allows the Secretary of Education to "be sued in any ... district court of the United States ... without regard to the amount in controversy...." Id. § 1082(a)(2).  The statute states further that "action instituted under this subsection by or against the Secretary shall survive notwithstanding any change in the person occupying the office of Secretary or any vacancy in that office." Id.  Thus, the action is not mooted because Margaret Spellings has replaced Roderick Paige as Secretary of Education.  The court will refer to Spellings,

---

[1] It is unclear how Plaintiff arrived at $1,861.45 as the amount of her alleged overpayment.  The three checks, copies of which are attached to the complaint, total $5,980.  All of the checks are dated 1990.  The record shows no further payments to Education.

rather than Paige, as the defendant in this action.

### III. Analysis

The United States argues, on Spellings's behalf, that Plaintiff's claims are barred by 28 U.S.C. § 2401(a), which requires suits against the United States to be commenced within six years of the accrual of the plaintiff's cause of action. When a federal official is sued in her official capacity, the suit is considered an action against the United States, and 28 U.S.C. § 2401 applies. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Urabazo v. U.S., 947 F.2d 955 (10th Cir. 1991). The statute giving rise to Plaintiff's cause of action, which allows an action to survive without regard to the individual holding the office of Secretary of Education, indicates that this is an official-capacity suit.

"A suit against the sovereign is one where the judgment sought would expend the public treasury, restrain the government from acting, or compel it to act." Coleman v. Espy, 986 F.2d 1184, 1189 (8th Cir. 1993). Plaintiff, like the plaintiff in Coleman, seeks the "return of property and actual government expenditures for compensatory damages." Id. In addition, her complaint alleges various actions taken by agents of Education in processing and collecting her loans and states that she is "tired of the US Dept. of Ed. messing with [her] life." Thus, this action is essentially a suit against the United States government.

3

The complaint does not, however, explicitly designate whether Spellings is being sued in her individual capacity or in her official capacity as Secretary of Education. When a complaint contains no such designation, a court will determine from "the course of proceedings" whether the defendant is being sued in an official or individual capacity. <u>Kentucky v. Graham</u>, 473 U.S. at 167 n.14; <u>Moore v. City of Harriman</u>, 272 F.3d 769, 772 (6th Cir. 2001). The factors to be considered are "the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims for qualified immunity."[2] <u>Moore</u>, 272 F.3d at 772 n.1.

There is little indication from the complaint or the course of proceedings that this action is against Spellings in her individual capacity. Plaintiff's claims arise from the actions of various officials affiliated with Education in processing and collecting her student loans. Thus, any claims against Spellings appear to be based solely on her conduct (or that of her predecessor in office) in the capacity of Secretary of Education. Further, the complaint lists Spellings's[3] name and official title and otherwise remains

---

[2] These standards govern actions against government officials under 42 U.S.C. § 1983. Similar considerations are relevant in this case, and the court can locate no decisions on this issue under the Higher Education Act, as all suits by borrowers appear to have been against the Secretary of Education in her official capacity.

[3] The complaint actually lists former Secretary of Education Roderick Paige as the defendant.

4

silent about whether suit is being brought in an individual or official capacity. See Rodgers v. Banks, 344 F.3d 587, 594 (6th Cir. 2003). Although Plaintiff's amended complaint seeks $2.5 million in punitive damages, providing some notice that she seeks to hold Spellings personally liable, this fact is not dispositive when other factors indicate an official-capacity suit. Id. Spellings has not moved for summary judgment on immunity grounds, another indication that the complaint does not put Spellings on notice that she is being sued in an individual capacity. Id.; Moore, 272 F.3d at 772 n.1.

Because Plaintiff's suit is against Spellings in her official capacity as United States Secretary of Education, the United States is the actual defendant, and the general statute of limitations contained in 28 U.S.C. § 2401(a) applies. This six-year limitations period generally governs all civil actions against the United States. See U.S. v. Mottaz, 476 U.S. 834, 844-45 (1986). Because the ability to file suit against the United States exists only because of the government's voluntary waiver of sovereign immunity, "a failure to file such within the statutory period of limitations divests a district court of its subject matter jurisdiction." Wojton v. U.S., 199 F. Supp. 2d 722, 726 (N.D. Ohio)(citing U.S. v. Kubrick, 444 U.S. 111, 117-18 (1979)). Although Congress has expressly abrogated the statute of limitations applicable to the right of action under the Higher

Education Act of the government and affiliated institutions to seek recovery of outstanding loans from borrowers, no such provision was extended to borrowers' rights against the United States. See 20 U.S.C. § 1091a. This absence indicates an intent that actions against the United States remain confined to the applicable limitations period.

Plaintiff alleges that she overpaid her loans in 1990. The three checks she cites are dated 1990, and she alleges no further payments to Education. She does not allege, nor does the record indicate, that she reasonably failed to become aware of the overpayment until some later date. Thus, her cause of action for overpayment accrued in 1990. At the latest, Plaintiff's cause of action arising from payment or overpayment of loan funds accrued in 1995, when the Internal Revenue Service withheld $220 from her federal tax refund in payment of alleged outstanding loan debt. In 1995, Plaintiff knew or should have known that Education had not extinguished her debt. Because this action was not commenced until August 16, 2004, it is barred by 28 U.S.C. § 2401(a).

## IV. Conclusion

For the foregoing reasons, the motion to dismiss is GRANTED. So ORDERED this 20th day of May 2005.

SAMUEL H. MAYS, JR
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 13 in case 2:04-CV-02817 was distributed by fax, mail, or direct printing on May 20, 2005 to the parties listed.

---

Chris Turner
GENERAL SESSIONS COURT-CIVIL-SHELBY
140 Adams
Room 106
Memphis, TN 38103

Monica M. Simmons
U.S. ATTORNEY'S OFFICE
200 Jefferson
Suite 811
Memphis, TN 38103

Antoinette Corum
1271 Poplar Avenue
#1004
Memphis, TN 38104

Honorable Samuel Mays
US DISTRICT COURT