IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ANTOINETTE CORUM,

    Plaintiff,

vs.        No. 04-2817-Ma/P

RODERICK PAIGE, SECRETARY,
UNITED STATES DEPT. OF ED.,

    Defendant.

ORDER DENYING MOTION TO ALTER OR AMEND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff, Antoinette Corum, filed this pro se complaint arising from the alleged overpayment of student loans. On May 20, 2005, the Court granted the Defendant's motion to dismiss, holding that Plaintiff's action is barred by the statute of limitations. See 28 U.S.C. § 2401(a).[1] On June 3, 2005, the Plaintiff filed an irregular document requesting that the Court reconsider its order of dismissal. The Court construes the document as a motion to alter or amend the judgment, pursuant to Fed. R. Civ. P. 59(e).

Plaintiff contends that the statute of limitations does "not apply to this case . . . because every day since 1990, the U.S.

---

[1] The Clerk inadvertently neglected to enter a judgment. That omission should be rectified immediately.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 6-28-05



Dept. Of Ed. Has been making [her] life a living hell." The Court's order of dismissal stated as follows:

> Although Congress has expressly abrogated that statute of limitations applicable to the right of action under the Higher Education Act of the government and affiliated institutions to seek recovery of outstanding loans from borrowers, no such provision was extended to borrowers' rights against the United States. See 20 U.S.C. § 1091a. This absence indicates an intent that actions against the United States remain confined to the applicable limitations period.

Order of dismissal, docket entry 13, pp. 5-6. Plaintiff knew, at the latest, on May 1, 1995, the date her income tax refund was withheld, that the Department of Education had not extinguished her debt.

Accordingly, the motion does not contain any basis for the Court to alter its original determination that the complaint is time-barred. Accordingly, Defendant's motion to dismiss was properly granted and plaintiff is not entitled to relief under Rule 59(e). The motion is DENIED and the Clerk shall immediately prepare and enter its judgment.

The final issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that any appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962).

It would be inconsistent for a district court to determine that a complaint is time-barred, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722

2

F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that led the Court to grant defendant's motion to dismiss also compel the conclusion that an appeal would be frivolous. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal in forma pauperis.

The Sixth Circuit Court of Appeals decisions in McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997), and Floyd v. United States Postal Service, 105 F.3d 274 (6th Cir. 1997), apply to any appeal filed by the plaintiff in this case. If Corum files a notice of appeal, she must pay the entire $255 filing fee required by 28 U.S.C. §§ 1913 and 1917.[2] The entire filing fee must be paid within thirty days of the filing of the notice of appeal.

By filing a notice of appeal the plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If Corum fails to comply with the above assessment of the appellate filing fee within thirty days[3] of the filing of the notice of appeal or the entry of this order,

---

[2] The fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

[3] The district court may extend this deadline one time by thirty days if the motion to extend is filed within the meaning of Houston v. Lack, 487 U.S. 266 (1988), and Fed. R. App. P. 4(c) before the expiration of the original deadline. McGore, 114 F.3d at 610.

3

whichever occurs later, the district court will notify the Sixth Circuit, who will dismiss the appeal.  If the appeal is dismissed, it will not be reinstated once the fee is paid.  McGore, 114 F.3d at 610.

    IT IS SO ORDERED this __24th__ day of June, 2005.

                                            SAMUEL H. MAYS, JR.
                                            UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 15 in case 2:04-CV-02817 was distributed by fax, mail, or direct printing on June 28, 2005 to the parties listed.

---

Monica M. Simmons
U.S. ATTORNEY'S OFFICE
200 Jefferson
Suite 811
Memphis, TN 38103

Chris Turner
GENERAL SESSIONS COURT-CIVIL-SHELBY
140 Adams
Room 106
Memphis, TN 38103

Antoinette Corum
1271 Poplar Avenue
#1004
Memphis, TN 38104

Honorable Samuel Mays
US DISTRICT COURT